HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
RYAN GUIDRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN GUIDRY,<br><br>Defendant. | No. 2:20-CR-003-DAD<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>(Doc. Nos. 72, 73, 100)<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable DALE A. DROZD |

Defendant, RYAN GUIDRY, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Christopher Hales, hereby stipulate as follows:

1. The parties previously filed a stipulation nearly identical to what is set forth below. ECF 85. Following a June 11, 2024, hearing in this matter at which the Court expressed certain concerns, the government withdrew from the prior stipulation and defendant filed a motion to reduce his sentence. ECF 88, 100. The government has reviewed the sentencing materials in this case, the transcript of the June 11, 2024, hearing including the sidebar portion, and defendant's motion and arguments, and has determined that jointly requesting the sentencing reduction described below is appropriate in this case.

/////

2. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

3. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

4. On January 31, 2023, this Court sentenced Mr. Guidry to a term of 60 months on Count 1, and 78 months on Count 2, to be served concurrently for a total term of imprisonment of 78 months;

5. Mr. Guidry's total offense level was 36, his criminal history category was I (having no criminal history points), and the resulting guideline range was 180 months pursuant to USSG § 5G1.2(d);

6. The sentencing range applicable to Mr. Guidry was subsequently lowered by the zero-point provision;

7. Mr. Guidry is eligible for a reduction in sentence, which reduces his total offense level by 2 from 36 to 34, resulting in an amended advisory guideline range of 151 to 180 months;

8. When the defendant's original sentence was below the applicable guideline range, the court may, in accordance with the exception set forth in USSG § 1B1.10(b)(2)(B), grant a comparable reduction below the amended guideline range;

9. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Guidry's term of imprisonment to 65 months on Count 2, to be served concurrently

with the 60-month term of imprisonment imposed on Count 1 for a total term of imprisonment of 65 months. If the amount of time served as of the effective date of the Court's order exceeds 65 months, the sentence is instead reduced to a sentence of time-served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

The following statements are provided by Mr. Guidry and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Mr. Guidry's statement regarding the stipulation</u>:

Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the plea agreement, presentence report, statement of reasons, and judgment, and consulting with the defendant personally. Mr. Guidry's projected release date is May 3, 2027. Mr. Guidry was released pretrial on a $25,000 unsecured bond, ECF 7, which he completed without issues, and was permitted to self-surrender after the sentencing proceeding. ECF 67. He voluntarily deposited $250,000 with the Clerk of the Court even before sentencing, which will go towards his restitution obligation. He has been a model prisoner, with no disciplinary history throughout his incarceration, and is participating in numerous programs, most importantly, the residential drug abuse program. He is extremely remorseful for his conduct that led to this case.

If the Court approves this stipulation, defendant Guidry requests that his pro se motion for a sentence reduction filed on November 20, 2023, ECF 73, be dismissed as moot.

2. <u>Government's statement regarding its stipulation</u>:

Defendant Ryan Guidry pleaded guilty, pursuant to a written plea agreement, to Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, and Aiding and Abetting Money Laundering, in violation of 18 U.S.C. §§ 2 and 1957(a), based on his involvement in the DC Solar fraud scheme. The United States enters into this stipulation after reviewing the Presentence Investigation Report, government's sentencing memorandum (ECF No. 63), sealed filings (ECF Nos. 65, 66), Statement of Reasons, Judgment (ECF No. 69), the transcript of the June 11, 2024 proceeding, and defendant's Bureau of Prisons ("BOP")

disciplinary history.  As background, the government, at sentencing, recommended a sentence of 120 months in prison.  The defendant was sentenced to a total term of 78 months in prison and was ordered to pay $619,415,950.06 in restitution, jointly and severally with any other codefendant as specified on the Restitution Attachment.  ECF No. 69 at 6.  To date, the defendant has paid a total of $250,205.98, consisting of a $250,000.00 pre-judgment payment on October 8, 2020, and additional payments totaling $205.98 made between September 2023 and March 14, 2024.  The defendant does not have any sustained disciplinary incidents during his time in Bureau of Prison's custody.

Respectfully submitted,

Dated:  November 12, 2024

PHILLIP A. TALBERT
United States Attorney

 /s/ *Christopher S. Hales*
CHRISTOPHER S. HALES
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:   November 12, 2024

HEATHER E. WILLIAMS
Federal Defender

 /s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
RYAN GUIDRY

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds Mr. Guidry is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 36 to 34, resulting in an amended guideline range of 151 to 180 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b)(2)(B), the term of imprisonment imposed in January 2023 is reduced to a term of 65 months on Count 2, to be served concurrently with the 60-month term of imprisonment imposed on Count 1, for a total term of imprisonment of 65 months. If the amount of time served as of the effective date of the Court's order exceeds 65 months, the sentence is instead reduced to a sentence of time-served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that, at the defendant's request, the pro se motions for a sentence reduction filed on November 13, 2023 and November 20, 2023 (Doc. Nos. 72, 73), as well as the motion to vacate and reduce sentence filed by Assistant Federal Defender David M. Porter on behalf of defendant are dismissed as having been rendered moot by this order.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Mr. Guidry shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:  **November 18, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE